FILED
SUPERIOR COURT
OF GUAM

2020 JUN 26 PM 4:48

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0559-11**<br>GPD Report No. 10-23238 |
| v. | |
| **BUNNY DUKE ZAMORA URBANO,**<br>DOB: 09/24/1974 | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 19, 2020 for hearing on Defendant] Bunny Duke Zamora Urbano's ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Sean E. Brown represents the People, and Assistant Public Defender Earl V. Espiritu represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

### BACKGROUND

The Guam Police Department arrested Defendant on August 6, 2010. The Government then filed a criminal complaint, charging Defendant with Driving While Under the Influence of Alcohol (as a Misdemeanor) and Driving While Under the Influence of Alcohol (BAC) (as a Misdemeanor) on May 4, 2011. On September 21, 2011, the Court held an arraignment, at which Defendant was not present. Min. Entry (Sept. 21, 2011). The Court subsequently issued a Bench Warrant for Defendant's failure to appear at the hearing. Bench Warrant (Sept. 29, 2001). No further action took place on this case until September 30, 2019, at which point Defendant was arrested following self-

Decision and Order Granting Defendant's Motion to Dismiss
CM0559-11 – *People of Guam v. Urbano*
Page 1 of 3

surrender after inquiring about paying for a traffic ticket. Mot. at 2. Defendant was subsequently arraigned on October 9, 2019. Min. Entry (Oct. 9, 2019).

Defendant filed the instant Motion to Dismiss, seeking to dismiss the charges against him "in light of the Government's unreasonable delay in prosecution, as well as on de minimus grounds." Mot. at 1. The People did not file an opposition.

The Court held a hearing on June 19, 2020. After hearing the arguments of the parties, the Court took the matter under advisement. Min. Entry (June 19, 2020).

## DISCUSSION

"If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint." 8 GCA § 80.70(a). The Sixth Amendment right to a speedy trial attaches "upon the filing of a complaint in misdemeanor cases." *People v. Stephen*, 2009 Guam 8 ¶ 12. In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, the court shall consider: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether or not prejudice resulted from the delay." *Id.* ¶ 14.

Under the analysis in *Barker v. Wingo*, analysis beyond the first factor is unnecessary if the court finds there is a delay which is presumptively prejudicial. *See* 407 U.S. 514, 530 (1972). The United States Supreme Court has noted that delay which approaches one year is generally "presumptively prejudicial." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Here, there was a delay of around eight years. Prior to Defendant's arrest, the last hearing was Defendant's arraignment, held on September 21, 2001. No action was taken on this case until after Defendant was arrested on September 30, 2019. The delay here certainly exceeds the "presumptively prejudicial" benchmark.

When a defendant's right to a speedy trial has been violated, the only possible remedy is dismissal of the indictment or the complaint. *See Barker*, 407 U.S. at 522. The court finds dismissal of the Complaint to be the appropriate remedy here. As such, further analysis into the *de minimus* grounds argument is unnecessary.

\

Decision and Order Granting Defendant's Motion to Dismiss
CM0559-11 – *People of Guam v. Urbano*
Page 2 of 3

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. A delay of eight years violates Defendant's right to a speedy trial under the Sixth Amendment. The Court orders that this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 26th day of June, 2020.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion to Dismiss
CM0559-11 – *People of Guam v. Urbano*
Page 3 of 3